**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **HORACIO TAPIA RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **26-11962-FDS** |
| **PATRICIA HYDE, et al.,** | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Horacio Tapia Rodriguez is a foreign national who entered the United States in 1999.

At some point, petitioner was taken into ICE custody. He contends that his continued detention without an individualized bond hearing violates his procedural due-process right.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. The Court also notes that, based on a recent conviction for assault and battery on a household member, the government has a strong argument that petitioner would be a danger to the community if he were released on bond. Nonetheless, based on the Court's understanding of the statutory framework, that determination is for an immigration judge, not this Court, to make. Accordingly, the Court finds that petitioner's present detention without a bond hearing is unlawful, and therefore will order that he be granted a bond hearing before an immigration judge.

I.      **<u>Background</u>**

Horacio Tapia Rodriguez is a foreign national who entered the United States in 1999. (Pet. at 7).  The petition provides no additional information regarding where he entered or where he has resided since that time.  It does not that he "has been married to a USC"—presumably, U.S. citizen—"for 20 years."  (*Id.*)

The petition also does not detail when and where petitioner was taken into immigration detention.

The respondents are Patricia Hyde, New England Field Office Direct, U.S. Immigration & Customs Enforcement; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; and Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement.[1]  (Pet.).

On May 7, 2026, respondents answered the petition.  (Resp. to Habeas Pet., Dkt. No. 5). Respondents conceded that "the legal issues" in the petition "are relevantly similar to those addressed by this Court in *De Andrade v. Moniz,*" and that "[s]hould the Court follow the reasoning of *De Andrade*, it would reach the same result here."  (*Id.* at 1).  Respondents also noted petitioner's recent conviction for domestic assault and battery, and suggested that the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), may separately require his detention.  (*Id.* at 1-2).

---

[1] The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent in habeas.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  Todd Lyons, Markwayne Mullin, and Todd Blanche is a national official who has no direct supervision over ICE detainees in Massachusetts.  The Court will therefore dismiss the claim against him.

2

II.     <u>**Analysis**</u>

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 802 F. Supp. 3d 325 (D. Mass. 2025), and those of hundreds of courts across the country, *see Barco Mercado v. Francis*, 2025 WL 3295903, at \*4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who entered the United States unlawfully but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was apparently neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at \*10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here. But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Furthermore, § 1226(c)(1)(E)(ii) does not appear to provide a basis for petitioner's detention.  As relevant here, that provision mandates the detention of any noncitizen who "is convicted of . . . any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E)(ii).  Without minimizing the conduct for which petitioner was convicted,

nothing before the Court indicates that his conviction for assault and battery on a household member "result[ed] in . . . serious bodily injury to another person."  *See* Mass. Gen. Laws ch. 265, § 15A (defining "serious bodily injury" as "bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb, or organ, or a substantial risk of death"); 8 U.S.C. § 1226(c)(2) (noting that, for § 1226(c)(1)(E)(ii), the term "'serious bodily injury' ha[s] the meaning[] given such term[] in the jurisdiction in which the acts occurred").

Therefore, because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Again, based on petitioner's recent conviction, he may well pose a danger to the community.  Nonetheless, under the statutory scheme, that determination must be made by an immigration judge.  Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

## III.    Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to provide petitioner a constitutionally adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than June 5, 2026.  The claim against respondent Todd Lyons is DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 29, 2026                    United States District Judge